541 F.Supp.2d 487 (2008)
In re PARCEL TANKER SHIPPING SERVICES ANTITRUST LITIGATION,
This Document Relates to Yann Geron, as Chapter 7 Trustee of the Estate of O.N.E. Shipping, Inc., Plaintiff,
v.
Odfjell Asa, et al., Defendants.
MDL Docket No. 3:03md1568(AVC). Civil No. 3:04cv1687(AVC).
United States District Court, D. Connecticut.
March 12, 2008.
Charles Clarence Bourque, Jr., Christopher John St. Martin, Conrad S.P. Williams, III, Joseph G. Jevic, III, Michael X. St. Martin, St. Martin, Williams & Bourque, Houma, LA, for Plaintiff.
David F. Olsky, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, C. Donald Neville, Murtha Cullina LLP, Hartford, CT, for Defendants.
MDL Panel, Judicial Panel on MDL, Office of the Clerk, Washington, DC, pro se.

RULING ON MOTION FOR RECONSIDERATION
ALFRED V. COVELLO, District Judge.
This a consolidated action alleging violations of the Sherman Antitrust Act, 15 U.S.C. § 1, and violations of state common law and statutory precepts concerning unfair trade practices. The plaintiff and the defendants are in the business of shipping and transporting bulk liquid chemicals via specialized shipping vessels called parcel tankers. The plaintiff alleges that the defendants engaged in a conspiracy to fix the price of international shipments of liquid chemicals, allegedly driving the plaintiff corporation out of business.
*488 On July 5, 2006, the defendants filed a motion to dismiss, arguing that the plaintiff had no standing, the complaint failed to state a claim upon which relief could be granted and the plaintiffs claims were time barred by the applicable state and federal statutes of limitation. On May 4, 2007, the court granted in part and denied in part the defendants' motion. The court denied the motion with respect to conspiracy claims for predatory pricing and dismissed claims with respect to the terminal defendants[1] and state statutory law.
The defendants have filed a motion for reconsideration of this court's ruling on their motion to dismiss. The defendants argue that the allegations of the complaint fail "to show that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), in light of the pleading standard established in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), decided shortly after this court's ruling. Specifically, the defendants argue that the complaint, 1) fails to allege any facts in support of the claim for predatory pricing; and 2) fails to allege facts to support the claim that the defendants, Odjfell, Jo Tankers, and Copenhagen, participated in a conspiracy with respect to the Caribbean routes. For the reasons that follow, the motion for reconsideration is granted and the relief requested is granted.

FACTS
Examination of the complaint and the memoranda supporting and in opposition to the within motion and the underlying motion to dismiss, reveals the following:
From 1963 until 2002 the plaintiff, O.N.E. Shipping (hereinafter "ONE"), operated chemical parcel tankers between the United States and Mexico, Central America, South America and the Caribbean. Chemical parcel tankers are described in the complaint as "highly specialized, technologically advanced ships designed for the simultaneous transportation of multiple liquid cargoes." Complaint Definitions, p. 4. ONE was a dominant parcel tanker operator in its region. The defendants are also in the business of shipping and transporting bulk liquid chemicals via parcel tankers.[2] The plaintiff alleges that in August 1998, the defendants engaged in a conspiracy to fix the price of international shipments of liquid chemicals in the United States, allegedly driving the plaintiff corporation out of business. Specifically, the complaint alleges as follows:
the defendants "STOLT-NIELSEN and ODFJELL" concluded a clandestine and illegal conspiracy, contract, and combination with the aim of monopolizing the worldwide carriage of Liquid Bulk Products and the Chemical Parcel Tanker Market. This conspiracy provided that (I) Defendants ODFJELL and STOLT-NIELSEN would allocate customers and contracts of affreightment; (ii) divide markets; (iii) adjust and restrict shipping capacity; (iv) rig bids; and (v) eliminate competitors.
Complaint, p. 19
The complaint alleges that as a result of the defendants' conduct, ONE lost customers and experienced a decline in revenue. On January 29, 2002, ONE filed for bankruptcy protection.
The complaint also makes reference to the fact that on September 29, 2003, the defendant, Odfjell, entered a guilty plea to participating, from August 1998 to November 2002, "in an international cartel to allocate customers, rig bids and fix prices *489 on parcel tanker contracts of affreightment for the shipment of Liquid Bulk Products to and from the U.S. and elsewhere." Complaint, ¶ M, p. 27. Odfjell agreed to pay a fine in the amount of $42,500,000. Further, the complaint alleges that on April 19, 2004, the defendant, Jo Tankers B.V., entered a guilty plea to the same charge and agreed to pay a fine in the amount of $19.5 million. Id. at p. 28.

STANDARD
A motion to dismiss pursuant to Rule 12(b)(6)[3] of the Federal Rules of Civil Procedure "merely ... assess[es] the legal feasibility of the compliant, [it does] not assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.1984). When ruling on a motion to dismiss, the court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993). The issue at this juncture is not whether the plaintiff will prevail, but whether he should have the opportunity to prove his claim. See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
In order to withstand a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); Patane v. Clark, 508 F.3d 106, 111-112 (2d Cir.2007). While it is not necessary that a complaint contain "detailed factual allegations" it must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action...." Twombly, 127 S.Ct. at 1964-65. Further, in Twombly, the Supreme Court stated that in the context of a claim for relief under section 1 of the Sherman Antitrust Act, a complaint must state "enough factual matter (taken as true) to suggest that an agreement was made." Id. at 1965 The complaint must state "plausible grounds to infer an agreement." Id.

DISCUSSION
The defendant argues that the remaining claims in this case for predatory pricing and conspiracy in violation of the Sherman Antitrust Act, should be dismissed because the complaint fails to allege sufficient facts, after the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), to support such claims. Specifically, the defendants argue that the allegations in the complaint state only legal conclusions and, therefore, fail to state specific facts in support of the antitrust claims alleged.
The plaintiff responds that the defendants have admitted to participation in a conspiracy and pled guilty to criminal conspiracy charges. The plaintiff further states that the allegations in the complaint are sufficient, even after the Court's decision in Twombly, to support its claims. Specifically, the plaintiff makes reference to factual allegations regarding meetings among the defendants, the type of predatory pricing contemplated and the method by which the defendants intended to recoup their predatory pricing losses.
The defendants reply that the plea agreements with respect to the criminal charges against the defendants involved *490 different conduct than the conduct alleged in support of the claims here.[4] Specifically, the criminal charges involved an unlawful conspiracy to raise prices while the predatory pricing claims here involve an unlawful conspiracy to lower prices. The defendants further state that the complaint contains nothing but conclusions and labels and such a "formulaic recitation of the elements" of the claim is not sufficient after the Court's decision in Twombly.[5]
In order to make out a claim for predatory pricing, the complaint must allege that the defendants 1) priced below an appropriate measure of cost; and 2) had a "`dangerous probabilit[y] of recouping its investment in below-cost prices.'" Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber, Co., ___ U.S. ___, ___, 127 S.Ct. 1069, 1074, 166 L.Ed.2d 911 (2007)(quoting Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 222, 113 S.Ct. 2578, 125 L.Ed.2d 168 (1993)). With respect to predatory pricing, the complaint alleges that
[i]n the summer of 1998, after a series of clandestine meetings concluded in the United States and Europe, Defendants STOLT-NIELSEN and ODFJELL concluded a clandestine and illegal conspiracy, contract, and combination with the aim of monopolizing the worldwide carriage of Liquid Bulk Products and the Chemical Parcel Tanker Market. This conspiracy provided that (I) Defendants ODFJELL and STOLT-NIELSEN would allocate customers and contracts of affreightment; (ii) divide markets; (iii) adjust and restrict shipping capacity; (iv) rig bids; and (v) eliminate competitors. One of the competitors Defendants STOLT-NIELSEN and ODFJELL targeted for elimination was ONE.
Complaint, section I, pp. 18-19. The complaint goes on to state that,
Details of this illegal conspiracy were communicated to the senior commercial management of Defendant STOLT-NIELSEN at a meeting at the Greenwich Country Club in August of 1998. Defendant ODFJELL communicated this illegal conspiracy to its management in Bergen, Norway, and Houston, Texas at approximately the same time.
Id. at 19. With respect to the liability of other defendants, the complaint alleges that,
Defendants ODFJELL and STOLT-NIELSEN invited Defendant JO TANKERS to join their conspiracy sometime in the second half of 1998. JO TANKERS accepted this "OFFER." TOKYO MARINE also agreed to join this conspiracy in late 1998 In particular, Defendants STOLT-NIELSEN, ODFJELL, JO and TOKYO MARINE (I) agreed not to compete with each other in markets in which ONE operated; (ii) further agreed to target contract customers of ONE and prepare bids for those customers' business in a belowcost predatory fashion; (iii) agreed that, upon elimination of ONE, Defendants STOLT-NIELSEN, ODFJELL, JO and TOKYO MARINE would monopolize and then allocate the relevant markets by customer and divide those markets geographically; and (iv) to do those other things that would drive ONE from its long-established markets and eliminate ONE as a competitor. Defendants TMM and COPENHAGEN TANKERS *491 joined this conspiracy at a later point in time.[6]
Id. at pp. 19-20. The complaint later alleges that from 1998 through 2002 the defendants, Odfjell, Stolt-Nielsen, Jo Tankers and Copenhagen, "agreed among themselves not to compete against the others, to divide markets, to allocate customers, [and] to rig bids in respect of Liquid Bulk Chemicals and Products ...." Id. at p. 25.
In Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court concluded that allegations that the defendants engaged in a "conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets by, among other things, agreeing not to compete with one another and to stifle attempts by others to compete with them and otherwise allocating customers," were insufficient to make out a conspiracy claim. Twombly, 127 S.Ct. at 1963 n. 2, 1970-71 (emphasis added). Further, in the context of conspiracy claims brought pursuant to sections one and two of the Sherman Act, in In re Elevator Antitrust Litigation, 502 F.3d 47 (2d Cir. 2007), the second circuit recognized that after Twombly "to be viable, a complaint must contain `enough factual matter (taken as true) to suggest that an agreement [to engage in anticompetitive conduct] was made.'" Id. at 50 (quoting Twombly, 127 S.Ct. at 1974). In In re Elevator, the complaint stated conspiratorial activity in general terms "without any specification of any particular activities by any particular defendant." Id. at 50.[7] The second circuit concluded that "[s]uch `conclusory allegation[s] of agreement at some unidentified point do [] not supply facts adequate to show illegality.'" Id. at 51 (quoting Twombly, 127 S.Ct. at 1966).
Similarly, in this case, the complaint alleges general conspiratorial activity without reference to specific actions by a particular defendant at a particular time. Despite repetition of some general terms of conspiracy throughout, the complaint never alleges specific facts tending to support the alleged theories of conspiracy. Further, the complaint sets a time frame only with respect to alleged meetings among some of the defendants. Although the complaint repeatedly refers to these alleged "clandestine meetings" among certain defendants, it states no specific examples of the defendants' conduct in the meetings, other than general allegations of conspiracy. No where does the complaint cite to specific wrongful acts of specific defendants to support the allegations of "customer allocation, the division of markets, the adjustment of capacity bid rigging, elimination of competitors, predatory pricing, non-competition and monopolization." Complaint p. 31. This lack of specifics with respect to the acts of a particular defendant or defendants renders the complaint inadequate after the Supreme *492 Court's decision in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and the second circuit's decision in In re Elevator Antitrust Litigation, 502 F.3d 47 (2d Cir.2007). The complaint here fails to state "plausible grounds to infer an agreement," Twombly, 127 S.Ct. at 1965, or "`enough factual matter (taken as true) to suggest that an agreement [to engage in anticompetitive conduct] was made.'" In re Elevator, 502 F.3d at 50 (quoting Twombly, 127 S.Ct. at 1974). Although the complaint alleges conspiratorial activity, it does not allege facts tending to show how these activities were accomplished.
Further, although the defendants plead guilty to criminal conspiracy charges, those charges involved conduct on a different trade route and amounted to a conspiracy to unlawfully raise prices, while this case involves conspiracy claims of predatory pricing; that is, conspiring to unlawfully lower prices. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 596, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(holding that in the context of a predatory pricing claim, "a conspiracy to increase profits in one market does not tend to show a conspiracy to sustain losses in another.").
The allegations in the complaint are the type of "labels and conclusions" that the Twombly and In re Elevator courts found to be insufficient to maintain a conspiracy claim and, therefore, the defendants' motion for reconsideration in light of Twombly is granted and the relief requested is granted. The defendants' motion to dismiss the remaining conspiracy counts for predatory pricing is granted.

CONCLUSION
For the foregoing reasons, the defendants' motion to for reconsideration (document no. 272) is GRANTED and the complaint is hereby dismissed.
It is so ordered.
NOTES
[1] The so-called terminal defendants, Odfjell Terminals Houston LP and Stolthaven Terminals, Inc., are in the business of storage and distribution of bulk liquid chemicals.
[2] All except defendants Odfjell Terminals Houston LP and Stolthaven Terminals, Inc.
[3] Although the defendants have filed a motion for reconsideration based upon the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), in reconsidering its prior decision, the court will apply the standard for a motion to dismiss.
[4] The defendants also state, in a subsequent letter brief, that the criminal charges involved the Deep Sea routes while the civil claims here involve the Caribbean routes.
[5] Both parties have also filed several sur-reply letters and briefs with respect to various cases interpreting the Court's Twombly decision.
[6] The complaint states that the defendants Grupo TMM ("TMM") and Stolt-Nielsen "conspired and colluded by dividing ONE's existing customers between themselves and then engaging in a mutual campaign of predatory pricing...." Id. at p. 23.
[7] In that case, the complaint alleged that the defendants

(a) Participated in meetings in the United States and Europe to discuss pricing and market divisions;
(b) Agreed to fix prices for elevators and services;
(c)Rigged bids for sales and maintenance;
(d) Exchanged price quotes;
(e) Allocated markets for sales and maintenance;
(f) "Collusively" required customers to enter long-term maintenance contracts; and
(G) Collectively took actions to drive independent repair companies out of business. In re Elevator, 502 F.3d at 51.